UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELENE JENKINS, a/k/a
MICHELENE CHIRELLE BETTIS,

Case No.:8:16-cv-00344-EAK-EAJ

    Plaintiff,

v.

KENNETH EUGENE MYERS,

    Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

**THIS CAUSE** comes before the Court pursuant to Michelene Chirelle Bettis' *Motion for Remand* (Doc. 8) (the "Motion") filed by the Plaintiff, Michelene Jenkins a/k/a Michelene Chirelle Bettis (the "Plaintiff"), and Kenneth Eugene Myers' Response to *Plaintiff's Motion for Remand and Memorandum of Law in Support of Motion* (Doc. 9) (the "Response") filed by the Defendant Kenneth Eugene Myers (the "Defendant"). After careful consideration of the parties' submissions, together with the allegations of the Complaint, Demand for Settlement Letter, Demand Supplement, and Civil Remedy Notice, the Court concludes that Plaintiff's Motion to Remand is **GRANTED**.

    I.    **Introduction**

The issues raised by the Motion and Response are whether the Defendant has proven, by a preponderance of the evidence, that the Court has diversity jurisdiction. Specifically, (1) whether the amount in controversy meets or exceeds $75,000, and (2) if the Court finds the evidence to be insufficient, whether the Defendant will be allowed discovery and further court proceedings to prove diversity jurisdiction. Upon review, the Court answers both questions in the negative. Defendant has failed to prove, through the documents and other papers, that the amount in

controversy meets or exceeds $75,000. Rather, the Court would merely be speculating as to the amount in controversy based on this evidence, and further discovery for factual allegations regarding amount in controversy would constitute a fishing expedition. For these reasons, the Motion must be granted.

## II. Background

Plaintiff, a Florida citizen, sued Defendant, a Wisconsin citizen, in state court for negligence following a motor vehicle accident. (See generally Doc. 2). Plaintiff sustained personal injuries as well as damage to her vehicle. (Doc. 2 ¶ 7). Plaintiff's injuries include "serious bodily injury, and resulting pain and suffering, disability, loss of the capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, mental anguish, aggravation of a pre-existing condition, loss of earnings and loss of ability to earn money." (Doc. 2 ¶ 12). The claim does not allege a specific amount in damages, rather values the claim as more than $15,000 plus attorney fees. (Doc. 2 ¶ 12).

The accident occurred on November 8, 2014. (Doc. 2 ¶ 6-7). Plaintiff subsequently sent Defendant's insurance company a settlement demand letter on November 2, 2015. (See generally Doc. 1-2, Exhibit B/1). The letter included specifics regarding injuries sustained in the accident, diagnostic tests, final opinions regarding permanency of the injuries, and a breakdown of the medical costs accrued as a result of the injuries thus far. (Doc 1-2, Exhibit B/1, 2-4). Specifically, Plaintiff sustained neck, back, and shoulder pain. (Doc 1-2, Exhibit B/1, 2). The cost of the damage done to the vehicle totaled $2,213.42. Doc 1-2, Exhibit B/1, 2). Ultimately, Plaintiff requested a settlement for the maximum amount under Defendant's insurance policy with State Farm Insurance. (Doc. 1-2, Exhibit B/1, 4).

Plaintiff followed the demand letter with a demand supplement and civil remedy notice on November 12, 2015. (See generally Doc. 1-2, Exhibit B/2). The supplement included an updated breakdown of medical costs, including diagnostic tests of the cervical spine and the cost of surgical cervical epidural steroid injections. (Doc. 1-2, Exhibit B/2, 8-9). The civil remedy notice included a breakdown of the following alleged insurer violations: claim denial, claim delay, unsatisfactory settlement offer, and unfair trade practice. (Doc. 1-2, Exhibit B/2, 10). The notice did not include any information about costs, but simply that State Farm Insurance has failed to pay the policy limits of $250,000. (Doc. 1-2, Exhibit B/2). Plaintiff also attached a copy of Plaintiff's complaint, (Doc. 1-2, Exhibit B/3); a copy of the medical bills totaling around $10,000, (Doc. 1-2, Exhibit B/4, 21); and an email from the doctor regarding continued pain in Plaintiff's neck, (Doc. 1-2, Exhibit B/5, 23).

Plaintiff filed suit on January 8, 2016. (See generally Doc. 2). Defendant removed the case to this Court on February 12, 2016, alleging subject-matter jurisdiction—specifically, diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (Doc. 1, ¶ 3). Defendant alleges that Plaintiff and Defendant are citizens of different states. (Doc. 1, ¶ 4-6). Additionally, Defendant alleges "Plaintiff's demand, demand supplement, and civil remedy notice, attached to the demand supplement, expressly states that Plaintiff demands State Farm's limit of liability of $250,000." (Doc. 1, ¶ 9).

If the Court does not find this evidence sufficient to prove the amount in controversy requirement, then Defendant requests the opportunity for discovery as well as the chance to present a brief oral argument in support of his position. (Doc. 1 ¶ 16). Thus, Defendant also attached a Request to Produce, (See generally, Doc. 1-3, Exhibit C/1); Request for Admissions,

3

(See generally, Doc. 1-3, Exhibit C/2); and Notice of Serving Interrogatories (See generally Doc. 1-3, Exhibit C/3).

Plaintiff moved to remand the case back to state court on March, 4, 2016, on the grounds that Defendant failed to prove the amount in controversy requirement of subject-matter jurisdiction. (See generally, Doc. 8).

### III. Legal Standard

The Court must have subject-matter jurisdiction over the case for successful removal of the case. Procedure for Removal of Civil Actions, 28 U.S.C. § 1446 (2012). Subject-matter jurisdiction is present when there is either (1) a dispute over a federal issue, Federal Question, 28 U.S.C. § 1331 (2012), or (2) the parties are of diverse citizenship and the amount in controversy is at least $75,000, Diversity of Citizenship; Amount in Controversy; Costs, 28 U.S.C. § 1332(a) (2012).

The moving party has the burden to prove that subject-matter jurisdiction existed at the time of removal through both factual allegations and evidence. Lowery v. Alabama Power Company, 483 F.3d 1184, 1216 (11th Cir. 2007) (citing 28 U.S.C. § 1446(a)). The absence of factual allegations is dispositive, leading to a remand of the case back to state court. Id. at 1215. However, when factual allegations are present, in evaluating the evidence, the Court will allow, "the use of deduction, inference, or other extrapolation of the amount in controversy when not facially apparent." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 753 (11th Cir. 2010). The evidence to be considered by the court is limited to the removing documents, Lowery, 483 F.3d at 1211, along with other documents submitted by the Defendant to the court at the time of removal. See Pretka, 608 F.3d at 751, 755 (stating the court can consider a wide range of evidence including papers submitted by the Defendant at the time of removal).

When the amount in controversy is clearly stated on the face of the complaint, the moving party must prove to a "legal certainty" that the amount meets or exceeds $75,000. Burns v. Windsor Insurance Co., 31 F.3d 1093, 1094 (11th Cir. 1994). However, if the amount in controversy is not clearly stated on the face of the complaint, then the standard of proof is a preponderance of the evidence. Lowery, 483 F.3d at 1209, (relying on dicta from McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178 (1936)); See also 28 U.S.C. § 1446(c)(2)(B) (2012).

The preponderance of the evidence standard requires "superior evidentiary weight, that though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." Lowery 483 F.3d at 1209 (quoting Black's Law Dictionary 1220 (8th ed. 2004). The Court cannot speculate based on the evidence, but rather will strictly construe the statute in favor of remand when the evidence is unclear. Burns, 31 F.3d at 1092, 1094.

IV.   Legal Analysis

Because the issue in this case is a state negligence claim, for the Court to have subject-matter jurisdiction, the parties must be diverse and the amount in controversy must meet or exceed $75,000. 28 U.S.C. 1332(a). Subject-matter jurisdiction is not met in this case. Here, although the citizens are diverse, Plaintiff being from Florida and Defendant being from Wisconsin, (Doc. 2 ¶ 2-3), the amount in controversy requirement is not met. Defendant, removing party, has failed to prove by a preponderance of the evidence that the amount in controversy is at least $75,000. Therefore, the case must be remanded back to state court.

## I. Conclusory Allegations in the Defendant's Notice of Removal

The moving party failed to meet its burden, that by a preponderance of the evidence, the amount in controversy meets or exceeds $75,000. Specifically, Defendant has failed to make factual allegations in his Notice of Removal, (See Generally, Doc. 1); and, therefore, the case must be remanded back to state court.

When a Notice of Removal contains mere conclusory as opposed to factual allegations, it is dispositive of a motion to remand. Lowery 483 F.3d at 1215. Specifically, such an absence of factual allegations leads to the grant of a motion to remand. Pretka, 608 F.3d at 752. see also Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1320 (11th Cir. 2001) ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."); Lowery 483 F.3d at 1221 (holding that because the moving party failed to present factual allegations of the amount in controversy, the case was remanded to state court). Additionally, requests for discovery to prove jurisdiction upon removal will not be permitted for the purpose of allowing the moving party to present factual allegations. Id. at 1217. Therefore, lack of specific factual allegations concerning the amount in controversy fails to meet the preponderance of the evidence standard.

The preponderance of the evidence standard applies in this case, like in Lowery, because the amount in controversy is not facially apparent in the complaint. Like in Lowery, where the complaint alleges an unspecified amount in damages, here the complaint alleges an amount in controversy of more than $15,000. (Doc. 2 ¶ 2). Also, like in Lowery, where the moving party failed to provide factual allegations to prove its burden that the amount in controversy meets or exceeds $75,000, here the Defendant pleads mere conclusory alleges that "Plaintiff demands

State Farm's limit of liability of $250,000." (Doc. 1 ¶ 9). Finally, like in <u>Lowery</u>, where discovery was not allowed for the purpose of providing factual allegations, here the Defendant's request for discovery is for the purpose of providing factual allegations to prove the amount in controversy. (Doc. 1 ¶ 16). Therefore, like in <u>Lowery</u>, where the case was remanded, the similarities in this case require the same result: the case be remanded and request for discovery and further court proceedings denied.

**II. Settlement Demand Letter is not an Honest Assessment of Damages**

Although the lack of factual allegations in the Notice of Removal is dispositive, Defendant argues that the attached documents, including a demand letter, in combination with the supplement and attached civil remedy notice, provides sufficient evidence for the Court to reasonably infer the amount in controversy. (Doc. 9, 4). However, demand letters that provide blanket statements are too speculative for the Court to make an accurate determination regarding the amount in controversy. <u>Golden v. Dodge-Markham, Co., Inc.</u>, 1 F.Supp.2d 1360, 1366 (M.D. Fla. 1998). Therefore, although Plaintiff requests the maximum amount of Defendant's insurance policy, the demand letter is not an honest assessment of the damages and the case should be remanded.

Although demand letters can be used as "other papers" under 28 U.S.C. § 1446(b), <u>Id.</u> at 1364, they are simply influential evidence and not determinative. <u>Burns</u>, 31 F.3d at 1097. In <u>Golden</u>, this Court considered a demand letter that was sent prior to filing of the suit, and held it to be insufficient in proving the amount in controversy. 1 F.Supp.2d at 1364. Specifically, the Plaintiff sued for an unspecified amount, with allegations including lost wages and benefits along with other compensatory damages, failing to provide any evidence of what the damages would amount to. <u>Id.</u> at 1362. This Court reasoned that the letter generally incorporated

maximum amounts under the insurance policy and merely contained puffery and posturing as opposed to an honest assessment of the amount, making any determination by this Court merely speculative. Id. at 1364. Therefore, when a letter is in general puffery and posturing, it is insufficient to prove by a preponderance of the evidence that the amount in controversy meets or exceeds $75,000.

Despite the Court allowing speculation as to the total amount in damages when it is not facially apparent, here, like in Golden, the evidence fails to prove, by a preponderance of the evidence, that the amount in controversy is $75,000 at a minimum. Like in Golden, where the settlement letter happened prior to the lawsuit, here, the demand letter was sent prior to the filing of the lawsuit. (See generally Doc. 1-2) Also, like in Golden, where the settlement letter generally requested the maximum amounts under the insurance policy, here, the settlement letter demanded the maximum amounts under the Defendant's insurance policy. (See generally Doc. 1-2).

Although the letter stated some specifics regarding medical bills, the letter remains a general blanket statement requesting maximum amounts from Defendant's insurance policy, like in Golden. Similarly, the supplement or attached civil remedy notice additionally does not add any specifics as to the amount in controversy beyond the minor medical bills and the maximum policy amounts requested in the initial demand letter. (See generally Doc. 1-2, Exhibit B/2). The exhibit with the medical bills only amounts to a total of around $10,000, (Doc. 1-2, Exhibit B/4, 21), and any determination as to the long term costs resulting from the neck pain cannot be done with any certainty. Therefore, because there is too much speculation from the evidence presented, the Court must rule in favor of remand.

Thus, because there is too much uncertainty from the evidence presented, and the Defendant did not meet the preponderance of the evidence standard, the Court must rule in favor of remand. Accordingly, it is

ORDERED that Plaintiff's Motion to Remand is **GRANTED**. Defendant's request for discovery and further court proceedings is **DENIED**. The Clerk of Court is directed to remand this case to the appropriate state court.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 27th day of July, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to: All Parties and Counsel of Record.